UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:15-cr-68-CEH-AEP

TAYLOR JUDY

_____/

### O R D E R

This matter comes before the Court on Taylor Judy's Emergency Motion for Compassionate Release (Doc. 99) brought pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government filed a response in opposition (Doc. 103). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

## I.    BACKGROUND

Pursuant to a guilty plea entered June 2, 2015, Defendant Taylor Judy was adjudicated guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 18 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Docs. 45, 56 at 1; Doc. 76 at 1. Defendant was sentenced on August 20, 2015, to a total term of 120 months' imprisonment and five years of supervised release. Doc. 76 at 2, 3. Defendant is a 32-year-old female incarcerated at FCI Tallahassee with a scheduled release date of October 23, 2023.[1] *See* Federal

---

[1] The Court notes that although records filed by the Government in September 2020 showed a projected release date of July 28, 2023 (Doc. 103-1), the BOP's website identifies Defendant's current release date as October 23, 2023.

Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed April 23, 2021). On August 4, 2020, Defendant moved for Compassionate Release requesting modification of her sentence due to the COVID-19 pandemic coupled with her medical condition and family circumstances. Doc. 99.

Through counsel, Defendant first notes she filed a request for compassionate release with the FCI Tallahassee Warden and that over 30 days have elapsed since that June 16, 2020 filing with no response from the warden. *Id.* at 4. As such, Defendant claims that the Court has jurisdiction to hear this motion. *Id.*

Defendant contends that she should be afforded compassionate release because she has qualifying medical conditions which are extraordinary and compelling reasons for granting her motion. *Id.* at 6–19. Specifically, Defendant claims she suffers from ongoing juvenile asthma and has had Lyme disease. *Id.* at 6. As to the juvenile asthma, Defendant notes that the morbidity is higher than adult asthma and that according to the CDC, moderate and severe asthma are serious risk factors of COVID-19 mortality. *Id.* at 7. Defendant also notes she has had Lyme disease. *Id.* at 6. Further, according to Defendant, it is "inevitable" that she will be exposed to COVID-19 at FCI Tallahassee because of the number of cases at the facility, the underreporting by the Bureau of Prisons (BOP), and the increased positivity in inmates nationwide. *Id.* at 7.

According to Defendant, at the time of her motion, there were fifteen confirmed active cases of COVID-19 reported, two of which were in unit B where she was housed. *Id.* Defendant also claims that the BOP's response to COVID-19 has been inadequate and that social distancing is the most effective preventive measure for

COVID-19 but that it is impossible under conditions of incarceration. *Id.* at 7-10. Defendant asserts that "it is only a matter of time" before deaths occur at FCI Tallahassee because the prison does not sanitize phones and computers between uses, provide "required" N95 masks, and that inmates are provided only one disposable mask every week or two. *Id.* at 13. Even though the BOP has an action plan, Defendant says that plan "in fact is not being implemented." *Id.* at 15.

Defendant also notes that despite minor disciplinary reports, she has used her time of incarceration to better herself. *Id.* at 16–17. Moreover, Defendant explains that she has a low criminal history score, is unlikely to reoffend, and that a compassionate release would serve societal good because it would allow her to care for her aging mother. *Id.* at 18.

In response, the Government concedes that Defendant filed a June 16, 2020 Reduction in Sentence Application and has exhausted her administrative remedies. Doc. 103 at 10. However, the Government asserts that Defendant has not met her burden of showing medical conditions or family circumstances to satisfy the requirements of compassionate release. *Id.* at 1. As to Defendant's asthma, the Government notes that Defendant has provided no documentation of her condition. The BOP records, however, show that Defendant's asthma is well-controlled by an inhaler and regular healthcare. *Id.* at 11, 14–15. As to Defendant's history of Lyme disease, Defendant does not assert that she still has the condition or how it is connected to COVID-19. *Id.* at 14. The Government notes that under USSG. § 1B1.13, cmt. N.1(c), the general threat of exposure to COVID-19 standing alone is not an

extraordinary and compelling reason for compassionate release, that the BOP has engaged in "strenuous efforts" to protect inmates, and that Defendant is asking to be released to Palm Beach County where the positivity rate in the community there is higher than at Tallahassee FCI. *Id.* at 11, 16–17.

In addition, the Government explains that compassionate release based on family circumstances only applies to situations of "death or incapacitation of the caregiver of the defendant's minor child, or incapacitation of defendant's spouse or registered partner" and does not include caring for parents. *Id.*

The Government contends that the drug conspiracy crime with which she is charged is serious, endangered the community, and that she has only served approximately half of her sentence. *Id.* at 2, 18. Further, the Government indicates that Defendant has accumulated ten disciplinary records while incarcerated, five of which occurred in 2020. *Id.* at 18. For these reasons, the Government argues that a grant of compassionate release would contravene the § 3553(a) factors.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).  Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release.  That provision states:

4

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

Accordingly, a court may reduce a sentence upon motion of a defendant provided that:

(1) the inmate has either exhausted his or her administrative appeal rights of the BOP's

failure to bring such a motion on the inmate's behalf or has waited until 30 days after

5

the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction follows the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally must establish that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

### A.   Administrative Exhaustion

The Defendant has satisfied administrative exhaustion. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP before

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, No. 3:97-cr-120-J-34PDB, 2020 WL 5106694, at *3 (M.D. Fla. Aug. 31, 2020); *see also United States v. Mack*, No. 3:13-cr-206-J-32MCR, 2020 WL 6044560, at *5–7 (M.D. Fla. Oct. 13, 2020) (finding exhaustion of administrative remedies when the warden had received defendant's request for compassionate release and that over 30 days had passed).

Here, Defendant shows she filed a request for compassionate release to the BOP Warden on June 16, 2020.  Doc. 99 at 4. Over thirty days has passed. The Court finds Defendant has exhausted her administrative remedies, and the Government does not contend otherwise. The Court now turns to the merits.

## B.    Extraordinary and Compelling Reasons

Although Defendant has established exhaustion of administrative remedies, her motion nevertheless fails to show an extraordinary or compelling reason for compassionate release. Under *Hamilton*, a defendant must establish that compassionate release is warranted. 715 F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that she is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria, or; (2) that she has an extraordinary and compelling reason for compassionate release. Here, Defendant is 32 years old and has been incarcerated for

just over five years of a ten-year sentence. Thus, Defendant does not qualify for compassionate release under the first provision and must demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A).

In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. §1B1.13, cmt. n. 1(A)–(D). The first, third and fourth provisions are potentially relevant here.

Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. §1B1.13, cmt. n. 1(A). Defendant suffers from juvenile asthma and a history of Lyme disease. Nothing about Defendant's condition reveals that her medical conditions constitute a terminal illness or diminishes her ability to care for herself in the prison setting. Therefore, Defendant fails to demonstrate an extraordinary and compelling reason to warrant release under this factor.

Regarding the third factor, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to

"(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C).  Such circumstances do not exist here. Defendant fails to show how the need to care for her aging mother qualifies as an extraordinary and compelling reason under this provision, and there is no record evidence to demonstrate why this provision should be extended to Defendant's situation.

Finally, the fourth factor, which has been described as a catch-all provision, applies when, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in the subdivisions (A) through (C)." U.S.S.G. §1B1.13, cmt. n. 1(D). On the facts before the Court, Defendant similarly fails to demonstrate an extraordinary and compelling reason to warrant release under this provision.

"[T]he mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Controlled asthma[3] does not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling

---

[3] According to the Center for Disease Control ("CDC"), COVID-19 risk factors for severity of the illness include *moderate to severe* asthma. The CDC advises asthmatics to keep their asthma under control. CDC, *Assessing Risk Factors for Severe COVID-19 Illness*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/assessing-risk-factors.html (emphasis added).

reason for a prisoner's compassionate release even when a large number of other prisoners at the facility contracted COVID-19 and recovered. *United States v. Alexander*, No. 6:18-cr-124-Orl-37GJK, 2020 U.S. Dist. LEXIS 134347, at *2 (M.D. Fla. July 29, 2020) (holding that a prisoner did not show extraordinary and compelling reasons for compassionate release based on stable medical conditions including controlled asthma when the BOP website noted that many inmates had recovered from COVID-19 but the prison was not currently "plagued with COVID-19 cases"). Here, Defendant provides no medical evidence showing that her asthma is uncontrolled. Further, Defendant does not claim she is not receiving medical care for her condition or cannot care for herself. Rather, the Government notes that the opposite is true: her asthma is well controlled, and she is receiving and will continue to receive proper medical monitoring and care. Doc. 103 at 15, 17.

Defendant claims it is inevitable she will contract COVID-19 at the prison. Doc. 99 at 13. Current data retrieved from the BOP website shows that at Tallahassee FCI where Defendant is housed, there are currently 6 inmates and 2 staff members testing positive for COVID-19, with 430 inmates and 60 staff members having recovered from COVID-19 and no inmate or staff deaths. *See* https://www.bop.gov/coronavirus/ (last visited April 23, 2021). The BOP's website also reveals that vaccinations are being administered at this facility with 68 staff members and 133 inmates fully inoculated. *See id.*

Review of the medical records filed by the Government reveals that Defendant's asthma appears controlled.  And although COVID-19 infections were high in the past

at this facility, with the administration of vaccines, coupled with Defendant's asthma being treated, the Court finds compelling and extraordinary circumstances do not exist on this record to support a reduction in Defendant's sentence. Further, the Court finds that even if Defendant had shown a history of Lyme disease, this is not identified as a CDC risk factor for COVID-19.[4] Thus, because Defendant has failed to show on this record that she demonstrates extraordinary and compelling circumstances to support compassionate release, Defendant's motion is due to be denied.

### C.   Section 3553 Factors

Even if Defendant could establish an extraordinary and compelling reason for compassionate release, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh strongly against her release. The Court must consider "first, whether Defendant is a danger of safety to any other person in the community as provided by 18 U.S.G. §3142(g); and second, the sentencing factors set forth under 18 U.S.C. § 3553(a) to the extent they are applicable." *Mack*, 2020 WL 6044560, at *6. Here Defendant is serving a total term of 120 months' imprisonment for her participation in a serious drug conspiracy. Doc. 86 at 3, 4. She has only served about half of that sentence. Doc. 103 at 2, 18. Moreover, the Court is concerned that Defendant's many disciplinary incidents while confined show she does not respect rules and regulations and has engaged in disruptive conduct. *Id.* at 18. For these reasons, the Court

---

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed April 23, 2021).

concludes that an early release of Defendant does not serve the interest of the community at large and doing so would not reflect the seriousness of Defendant's offenses, adequately deter future crimes, or align with the guideline sentences that defendants similarly situated must serve. The 18 U.S.C. §3553(a) factors weigh against a reduction in sentence, and Defendant's motion will be denied. Accordingly, it is hereby

**ORDERED**:

1.      Taylor Judy's Emergency Motion for Compassionate Release (Doc. 99) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 23, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and unrepresented parties, if any

12